Case 3:25-mj-00553-MEG   Document 1-1   Filed 06/09/25   Page 1 of 12

United States District Court
District of Connecticut
FILED AT NEW HAVEN

June 9, 20 25

By       S. Santos
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN THE MATTER OF THE SEARCH AND SEIZURE OF DNA MATERIAL FROM HEATHER POPLASKY | Case No. 3:25-mj-553 (MEG) |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR SEARCH WARRANT

I, Zachary Barber, being duly sworn, hereby depose and state as follows:

### REQUEST

1. This affidavit is made in support of a search warrant for two (2) buccal DNA (deoxyribonucleic acid) swab samples from Heather Poplasky (YOB: 1988[1]), believed to be in the District of Connecticut, as evidence of a violation of 21 U.S.C. §§ 841(a)(1), 841(a)(1)(C) – possession with intent to distribute a controlled substance (hereafter referred to as the "Target Offense").

### INTRODUCTION AND AGENT BACKGROUND

2. I am a Task Force Officer with the Federal Bureau of Investigation (FBI). As such, I am a law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code; that is, an officer empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Section 2516 of Title 18.

3. I am a police officer with the Norwich Police Department and have been since July 2013. Since July 2024, I have been a task force officer (TFO) with the Federal Bureau of Investigation (FBI), Violent Crime Task Force. The Violent Crime Task Force is comprised of federal and local law enforcement personnel and is tasked with investigating violent crime in

---

[1] The full date of birth is known to the Affiant.

New Haven and surrounding communities. As a TFO, my duties include, among other things, investigating violations of Titles 18 and 21 of the United States Code, such as the unlawful possession of firearms, drug trafficking, firearm trafficking, armed robberies, and the communication of threats to kill or injure others. I am also experienced in applying for and executing search and arrest warrants, including search warrants related to the collection of DNA.

4. As a law enforcement officer, I have participated in investigations involving the distribution of narcotics and of individuals distributing illegal narcotics. As such, I have coordinated the controlled purchases of narcotics utilizing confidential sources and undercover law enforcement officers; written, obtained and coordinated the execution of search and arrest warrants pertaining to individuals involved in the illegal possession and distribution of narcotics; conducted surveillance of individuals involved in illegal narcotics distribution; and spoken with informants and subjects, as well as local, state and federal law enforcement officers, regarding the manner in which individuals and groups obtain, store, manufacture, transport, and distribute narcotics. I have received training, both formal and on-the-job, in the provisions of the federal drug laws administered under Title 21 of the United States Code.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, officers, and witnesses. This affidavit is intended to show simply that there is probable cause for the requested warrant and does not set forth all my knowledge about this matter.

**PROBABLE CAUSE**

6. On or about May 5, 2025, the Honorable U.S. Magistrate Judge Robert M. Spector authorized the collection of a DNA sample from Bennie GRAY pursuant to a search warrant supported by an affidavit (Docket No. 3:25mj414(RMS)), attached hereto and

incorporated as Attachment A.

7.  As discussed in Attachment A, narcotics were seized during a traffic stop involving Heather Poplasky and GRAY on September 5, 2024, and the Connecticut Forensic Science Laboratory, located in Meriden, CT (hereafter "the State Lab"), subsequently authored a report finding that the substances seized on September 5, 2024, contained controlled substances (cocaine, fentanyl, and ketamine) as well as a report explaining that a mixture of DNA profiles was obtained from some of the baggies containing controlled substances seized from Gray's person and the vehicle's trunk on September 5, 2024. The report also stated that a known sample from the suspect was requested for evidentiary comparison.

8.  The State Lab subsequently identified a preliminary match between the DNA located on the exterior of a knotted plastic bag containing crack cocaine seized during the September 5, 2024, traffic stop and Heather Poplasky via a CODIS match.[2] Accordingly, a known DNA sample from Poplasky is requested for comparison to the evidentiary DNA samples identified by the State Lab on the baggies of controlled substances seized during the September 5, 2024, traffic stop.

**SEARCH TO BE CONDUCTED**

9.  The DNA samples of Poplasky sought herein will be collected by buccal swabbing. This method involves gently scrubbing the inside of Poplasky's cheek for approximately five to ten seconds using a sterile swab and/or other type of buccal DNA collector (or by following the instructions provided with the DNA collector kit). Two (2) samples are requested in the event that one of the samples becomes contaminated or otherwise cannot be tested. The samples seized will be submitted to a forensic laboratory and will be subject to examination, testing and analysis, and

---

[2] CODIS (Combined DNA Index System) is a software program that helps compare evidentiary DNA samples obtained by a lab with DNA profiles from individuals.

will be compared to the DNA material obtained from the baggies containing narcotics seized on September 5, 2024, in Norwich, CT.

    10.    It is understood that DNA profiles or partial DNA profiles of more than one person may be located on an object when more than one person has handled an item.

11. Based upon the foregoing, there is probable cause to believe that DNA swabs of Poplasky will constitute evidence of the Target Offense, namely 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (possession with the intent to distribute narcotics).

_____
Zachary Barber, FBI TFO

Subscribed and Sworn to before me by telephone or other reliable means this 9th day of June 2025

_____
HON. MARIA E. GARCIA
UNITED STATES MAGISTRATE JUDGE

Attachment A

Case 3:25-mj-00534-MEG   Document 1-1   Filed 06/09/25   Page 7 of 12

United States District Court
District of Connecticut
FILED AT NEW HAVEN

_____5/5_____, 20_25_

By_____N. Langello_____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN THE MATTER OF THE SEARCH AND SEIZURE OF DNA MATERIAL FROM BENNIE GRAY | Case No. 3:25-mj-414 RMS |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR SEARCH WARRANT

I, Zachary Barber, being duly sworn, hereby depose and state as follows:

### REQUEST

1. This affidavit is made in support of a search warrant for two (2) buccal DNA (deoxyribonucleic acid) swab samples from Bennie GRAY (YOB: 1979[1]). GRAY is currently being held pretrial at the Donald W. Wyatt Detention Facility, located in Central Falls, RI, pursuant to federal charges, namely for a violation of 21 U.S.C. § 841(a)(1) – possession with intent to distribute a controlled substance (hereafter referred to as the "Target Offense"), for which he was indicted for in the District of Connecticut in November 2024.

### INTRODUCTION AND AGENT BACKGROUND

2. I am a Task Force Officer with the Federal Bureau of Investigation (FBI). As such, I am a law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code; that is, an officer empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Section 2516 of Title 18.

3. I am a police officer with the Norwich Police Department and have been since July 2013. Since July 2024, I have been a task force officer (TFO) with the Federal Bureau of Investigation (FBI), Violent Crime Task Force. The Violent Crime Task Force is comprised of

---

[1] The full date of birth is known to the Affiant.

Page **1** of 6

federal and local law enforcement personnel and is tasked with investigating violent crime in New Haven and surrounding communities. As a TFO, my duties include, among other things, investigating violations of Titles 18 and 21 of the United States Code, such as the unlawful possession of firearms, drug trafficking, firearm trafficking, armed robberies, and the communication of threats to kill or injure others. I am also experienced in applying for and executing search and arrest warrants, including search warrants related to the collection of DNA.

4.      As a law enforcement officer, I have participated in investigations involving the distribution of narcotics and of individuals distributing illegal narcotics. As such, I have coordinated the controlled purchases of narcotics utilizing confidential sources and undercover law enforcement officers; written, obtained and coordinated the execution of search and arrest warrants pertaining to individuals involved in the illegal possession and distribution of narcotics; conducted surveillance of individuals involved in illegal narcotics distribution; and spoken with informants and subjects, as well as local, state and federal law enforcement officers, regarding the manner in which individuals and groups obtain, store, manufacture, transport, and distribute narcotics. I have received training, both formal and on-the-job, in the provisions of the federal drug laws administered under Title 21 of the United States Code.

5.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, officers, and witnesses. This affidavit is intended to show simply that there is probable cause for the requested warrant and does not set forth all my knowledge about this matter.

## PROBABLE CAUSE

6.      On September 5, 2024, members of the Connecticut State Police Violent Crimes Task Force and Norwich Police Department were conducting surveillance outside a residence in

Norwich, Connecticut. Law enforcement had received multiple complaints about criminal activity, including drug trafficking, from the residence in the months of August and September 2024. While outside the residence, law enforcement observed a white Nissan Altima pull up and park in front of the residence. A man, later identified as Bennie Gray, went into the residence wearing a black fanny pack around his chest. After Gray went into the residence, a second male (known to officers and identified herein as "M.O.") entered the residence following his arrival in a silver vehicle.[2] Approximately two minutes later, Gray left the residence, entered the Nissan, and drove off.

7. After Officer Nott observed the driver of the Nissan twice fail to use its turn signal, he conducted a motor vehicle stop of the Nissan. As Officer Nott approached the Nissan, the female front passenger quickly leaned forward in the vehicle in the area of the front floorboard, opened the front passenger side door, and leaned out of the car. The officer also observed her reaching in the center console area. Officer Nott instructed the female to shut the door and for her and Gray to place their hands on the dashboard, which they did. Officer Nott approached the vehicle and identified Gray as the operator. Gray is known to law enforcement to have prior drug arrests and multiple convictions, including for narcotic distribution offenses and manslaughter with a firearm, and was on state probation following a recent drug conviction. Upon the arrival of additional law enforcement officers moments later, Gray and the female passenger, later identified as Heather Poplasky,[3] were ordered to exit the vehicle, which they

---

[2] Law enforcement know M.O. from previous narcotic related investigations that resulted in M.O. arrests for narcotics. He has pending distribution charges from July 26, 2024, out of Norwich and a lengthy criminal history.

[3] Ms. Poplasky was later charged with possession of drug paraphernalia and possession of controlled substances. She has multiple prior convictions including assault third, interfering, criminal mischief third, probation violations, and carrying a dangerous weapon.

did.[4]

8. During the stop, law enforcement also conducted a canine sniff of the exterior of the Nissan, which did not result in an alert during two passes of the vehicle. The canine, however, alerted to the black fanny pack on Gray's person.[5] At this point, Gray was placed under arrest and officers searched the fanny pack, which contained knotted baggies with a white rocklike substance of suspected crack cocaine (23.2 gg) and glassine baggies, each containing purple powder substance of suspected fentanyl (3.3 gg).

9. Following Gray's arrest, law enforcement searched the vehicle, recovering cash ($2,462.00) and a crack pipe from the passenger compartment, plus 208 gross grams of suspected fentanyl within a black bag in the trunk. Law enforcement also recovered an additional $42.00 on Gray's person.

10. On November 19, 2024, a federal grand jury returned an indictment charging the defendant with possess with intent to distribute fentanyl and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

11. The narcotics seized on September 5, 2024, were subsequently sent to the Connecticut Forensic Science Laboratory, located in Meriden, CT, for examination, testing, and analysis. On November 18, 2024, the Connecticut Forensic Science Laboratory authored a report finding that the substances seized on September 5, 2024, discussed above contained controlled substances (cocaine, fentanyl, and ketamine).

12. On April 30, 2025, the Connecticut Forensic Science Laboratory authored a report stating that a mixture of DNA profiles was obtained from some of the baggies containing

---

[4] The vehicle is registered to an identified individual (referred to herein as "M.B.") from Ferry, Connecticut. Gray stated he was in the process of purchasing the car.

[5] A motion to suppress the evidence seized during the stop is pending. Docket No. 3:24cr213(VDO).

controlled substances seized from Gray's person and the vehicle's trunk on September 5, 2024. The report also stated that a known sample from the suspect was requested for evidentiary comparison.

## SEARCH TO BE CONDUCTED

13. The DNA samples of GRAY sought herein will be collected by buccal swabbing. This method involves gently scrubbing the inside of GRAY's cheek for approximately five to ten seconds using a sterile swab and/or other type of buccal DNA collector (or by following the instructions provided with the DNA collector kit). Two (2) samples are requested in the event that one of the samples becomes contaminated or otherwise cannot be tested. The samples seized will be submitted to a forensic laboratory and will be subject to examination, testing and analysis, and will be compared to the DNA material obtained from the baggies containing narcotics seized on September 5, 2024, in Norwich, CT.

14. It is understood that DNA profiles or partial DNA profiles of more than one person may be located on an object when more than one person has handled an item.

15. This search warrant will be executed while GRAY is under pre-trial detention related to the Target Offense and during an appearance scheduled in federal court in the District of Connecticut on May 9, 2025.

16. Based upon the foregoing, there is probable cause to believe that DNA swabs of GRAY will constitute evidence of the Target Offense, namely 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (possession with the intent to distribute narcotics).

_____
Zachary Barber, FBI TFO

*Digitally signed by ZACHARY BARBER (Affiliate). Date: 2025.05.05 08:53:06 -04'00'*

Subscribed and Sworn to before me by telephone or other reliable means this 5th day of May 2025

_____
HON. ROBERT M. SPECTOR
UNITED STATES MAGISTRATE JUDGE

*Digitally signed by Robert M Spector. Date: 2025.05.05 11:35:29 -04'00'*